```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                      NO: 13-155

JOHN LABEE                                  SECTION: "J"(4)
```

### ORDER & REASONS

Before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody* **(R. Doc. 93)** filed by Petitioner John Labee (Petitioner), and an opposition thereto (R. Doc. 95) filed by the United States of America (Government). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Petitioner's motion should be **DENIED.**

### FACTS AND PROCEDURAL BACKGROUND

On July 18, 2013, John Labee, a tax preparer in the Slidell, Louisiana area, was charged in a thirteen-count indictment with crimes related to preparing false and fraudulent tax returns. (R. Doc. 95, at 1.) Counts One through Nine concerned specific false and fraudulent tax returns that he prepared and filed in the names of others. *Id.* Counts Ten and Eleven charged Petitioner with making false statements on his personal income tax returns. *Id.* Count Twelve charged Petitioner with mail fraud. *Id.* Finally, Count

Thirteen charged Petitioner with making false material statements before a federal grand jury. *Id.*

On December 12, 2013, Petitioner pleaded guilty to Counts Six, Eleven, and Thirteen of the indictment pursuant to a written Plea Agreement. (R. Doc. 50.) As part of the Plea Agreement, Petitioner and his counsel acknowledged, swore to, and signed a written Factual Basis and Plea Agreement. (R. Docs. 51, 50.) The Factual Basis details the conduct Petitioner committed, and included a statement that if the matter proceeded to trial, "the Government would establish that Petitioner prepared and filed approximately 460 federal tax returns that falsely claimed, and resulted in an intended loss to the United States, of approximately $2,242,121 of federal income tax withholdings." (R. Doc. 51.) The Factual Basis also included information regarding Petitioner's false statements to the grand jury and explained why such statements were false and material. *Id.*

Pursuant to the Plea Agreement, Petitioner agreed to waive several of his appellate rights "knowingly and voluntarily" in exchange for concessions made by the Government. (R. Doc. 50 at 4). The Government agreed to dismiss the remaining counts of the indictment and "not bring any other charges in the Eastern District of Louisiana arising out of [Petitioner's] conduct outlined in the Indictment and Factual Basis." *Id.* at 1, 3-4. Specifically, Petitioner agreed to "waive[] and give[] up any . . . right to

challenge the manner in which [his] sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to [his] sentence and judgment[.]" *Id.* at 3.

At the rearraignment hearing, this Court thoroughly questioned Petitioner concerning the knowing and voluntary nature of his guilty plea. (R. Doc. 91.) Specifically, this Court established that Petitioner had signed both the Plea Agreement and the Factual Basis after he had read and discussed their terms with his attorney. *Id.* at 14, 18. This Court explained the waiver of appeal provisions, and Petitioner stated under oath that he knew he was waiving his appellate rights. *Id.* at 16. Petitioner then admitted and acknowledged that the facts set forth in the Factual Basis were true. *Id.* at 18-19. Consequently, this Court found that the "plea [was] knowledgeable, voluntary, and [had] a basis in fact that contains all of the elements of the crimes" for which Petitioner was charged. *Id.* at 19. This Court then accepted Petitioner's plea of guilty. *Id.*

On September 18, 2014, Petitioner was sentenced to a term of thirty-six months in custody as to Counts Six and Eleven, and forty-six months as to Count Thirteen, to be served concurrently. The Court granted the Government's motion to dismiss all remaining counts of the indictment and entered judgment. *See* (R. Docs. 79, 81.) On September 25, 2014, Petitioner filed a notice of appeal.

(R. Doc. 82.) On April 8, 2015, the Fifth Circuit dismissed Petitioner's appeal. On July 6, 2016, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (R. Doc. 93.) Petitioner's motion is now before the Court on the briefs and without oral argument.

### PARTIES' ARGUMENTS

Petitioner argues that his sentence should be vacated for several reasons. Foremost, Petitioner contends that he was denied effective assistance of counsel. Petitioner asserts that his counsel was ineffective by (1) misinforming and misadvising him about waiving his appellate rights; (2) by "failing to investigate or obtain discovery regarding the vast majority of tax returns forming the basis of the loss amount;" and (3) by failing to move to dismiss Count Thirteen of his indictment because it was the result of a "perjury trap *Id.* at 3, 5, 8, 9. Finally, Petitioner argues that the district court miscalculated the applicable sentencing guideline range. *Id.* at 6.

In opposition, the Government argues that Petitioner's claims are procedurally barred or without merit. The Government first contends that Petitioner's Plea Agreement contained an express waiver of his rights to appeal and collaterally challenge his conviction and sentence, and Petitioner entered the agreement knowingly and voluntarily. (R. Doc. 95 at 8.) Second, the Government contends that Petitioner knowingly and voluntarily

4

waived his appellate rights. The Government directs the Court to the rearraignment hearing transcript, which demonstrates that the Court directly advised Petitioner of his appellate rights and explained that he was waiving those rights by entering into a plea of guilty and signing the Plea Agreement. As to Petitioner's ineffective assistance of counsel claims for failure to investigate and failure to move to dismiss, the Government contends that Petitioner failed to satisfy his burden of demonstrating that his counsel's representation was ineffective. *Id.* at 10, 12. The Government argues that although these claims are cognizable under 28 U.S.C. § 2255, they are without merit and "unfounded as a matter of law and fact." *Id.* at 10. As to Petitioner's argument that the Court miscalculated the sentencing guideline range, the Government contends that this argument is procedurally barred. *Id.* at 5-6. The Government asserts that this claim is not cognizable because Petitioner previously offered this argument on appeal to the Fifth Circuit. *Id.* at 5. Furthermore, the Government argues that Petitioner's "[o]bjections to the technical application of Sentencing Guidelines . . . are not a cognizable ground for relief in a § 2255 proceeding." *Id.*

## **LEGAL STANDARD**

28 U.S.C. § 2255 provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C.

§ 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules

6

Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" or the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." 28 U.S.C. § 2255(b); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

## DISCUSSION

### I. Ineffective Assistance of Counsel

Petitioner asserts three ineffective assistance of counsel claims, which he bears the burden of proving. *See Gochicoa v. Johnson*, 238 F.3d 278, 285 (5th Cir. 2000). To prevail, Petitioner must prove (1) that his counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must meet both prongs of the *Strickland* test to succeed. *See id.* at 687. If the court finds that a petitioner has made an insufficient showing as to either of these prongs, it may dispose of the ineffective assistance claim without addressing the other prong. *Id.* at 697; *United States v. Ray*, No. 11-79, 2015 WL 7451194, at *3 (E.D. La. Nov. 23, 2015).

In order to demonstrate deficient performance, Petitioner must show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Here, the Court

7

applies a highly deferential standard to the examination of counsel's performance. *See id.* at 687. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).

In order to demonstrate prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel." *Strickland*, 466 U.S. at 700. The Fifth Circuit "is careful not to second guess legitimate strategic choices" because of the infinite number of trial techniques and tactics that counsel may use. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 115, 1122 (5th Cir. 1997) (quoting *Garland v. Maggio*, 717 F.2d 199, 206

8

Case 2:13-cr-00155-CJB-KWR   Document 96   Filed 12/09/16   Page 9 of 18

(5th Cir. 1983)). Ultimately, "an attorney's strategic choices . . . are virtually unchallengeable." *Strickland*, 466 U.S. at 691.

### A. Whether the Waiver in the Plea Agreement was Entered Knowingly and Voluntarily

Petitioner first claims that he was denied effective assistance of counsel because his counsel misrepresented and misadvised him of the consequences of the Plea Agreement and the waiver of appellate rights. (R. Doc. 93 at 5.) Petitioner contends that he did not knowingly and voluntarily waive his right to appeal his sentence because counsel did not inform him that the Plea Agreement included a waiver of appeal regarding sentencing errors and incorrectly advised him that sentencing errors could be challenged on appeal. *Id.* Petitioner's claim that the waiver was not knowing and voluntary, however, is directly contradicted by his testimony at his rearraignment hearing and his signature on the Plea Agreement.

A defendant may waive his statutory right to direct appeal and collateral attack of a conviction and sentence as part of a plea agreement if the waiver is both knowing and voluntary. *See, e.g., United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (holding that a "knowing and voluntary" standard applies to a waiver of appeal); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir.

9

1994) ("To be valid, a defendant's waiver of his right to appeal must be informed and voluntary."). A defendant must know that he had a "right to appeal his sentence and that he was giving up that right." *Portillo*, 18 F.3d at 292. For sentencing purposes, "the Fifth Circuit has found that 'the defendant must be advised of and understand the consequences of the guilty plea'" for it to be knowing and voluntary. *Ray*, 2015 WL 7451194, at *3 (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)); *United States v. Williams*, 2016 WL 792431, at *3 (M.D. La. Feb. 29, 2016). "A defendant is aware of the consequences of a guilty plea when he understands the worst possible outcome of the plea agreement and still chooses to plead guilty." *Ray*, 2015 WL 7451194, at *3 (citing *United States v. McKnight*, 570 F.3d 641, 648 (5th Cir. 2009)).

It is the district court's responsibility "to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." *United States v. Gonzales*, 259 F.3d 355, 357 (5th Cir. 2001) (internal quotations omitted). Pursuant to Rule 11 of the Federal Rules of Civil Procedure, prior to the entry of a guilty plea, the court is required to have a hearing at which it must elicit an affirmative showing that the decision to plead guilty was voluntarily and intelligently made, even if counsel is present. *Boykin v. Alabama*, 395 U.S. 238 (1969); *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Compliance with the admonishments required under Rule 11 provides

"prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627. "[W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." *Portillo*, 18 F.3d at 292; *McKinney*, 406 F.3d at 746; *Bond*, 414 F.3d at 544. As the Supreme Court has stated, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Moreover, court documents, such as a plea agreement, have a strong presumption of regularity and are given "great weight." *United States v. Dantzler*, No. 10-0024-01, 2012 WL 60868969, at *3 (W.D. La. Dec. 6, 2012) (citing *United States v Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986)).

Petitioner's signed Plea Agreement and declarations under oath dispose of and preclude any argument that his plea was not knowing or voluntary. First, regardless of any alleged misinformation or incorrect advisement by defense counsel, Petitioner expressly acknowledged under oath at the rearraignment hearing that he understood he was giving up the right to appeal and contest his sentence. (R. Doc. 91 at 16). Before accepting Petitioner's guilty plea, this Court first established that

11

Petitioner understood that he waiving his appellate rights, and Petitioner confirmed that he knowingly and voluntarily waived his appellate rights. *Id.* Petitioner stated under oath that he had read the Plea Agreement in its entirety, discussed it with his attorney, and signed it himself. *Id.* at 14. This Court explained to Petitioner the terms of the appeal waiver and the rights Petitioner was waiving under the Plea Agreement, including the right to appeal or contest the guilty plea, conviction, or sentence. *Id.* at 16. Petitioner testified that he understood the rights he was waiving. *Id.* at 16.

Furthermore, the plain language of the Plea Agreement, which Petitioner voluntarily signed, directly applies to Petitioner's claim challenging his sentence. *See Portillo*, 18 F.3d at 292. The Plea Agreement outlined the rights that Petitioner would be waiving by signing it, including the right to appeal his sentence. (R. Doc. 50.) Petitioner acknowledged this waiver when he signed the Plea Agreement and testified in court that he had read the entirety of the document, understood it, and discussed it with his lawyer. (R. Doc. 91 at 14.)

Therefore, the record in this case reveals two instances—specifically, the Plea Agreement and the rearraignment transcript—that demonstrate Petitioner was fully informed that he was waiving his rights to appellate and post-conviction relief. Petitioner made repeated acknowledgements and assertions of understanding and

12

voluntariness at the rearraignment and in the Plea Agreement. Although Petitioner reserved the right to "bring a post-conviction challenge if [he] establish[ed] that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself," he does not provide sufficient evidence to establish that here. Petitioner's grounds for ineffective assistance of counsel are vague and conclusory. (R. Doc. 93 at 5). Petitioner "fails to expand upon or provide a true basis for his claim, and thus fails to meet the specificity standards required of both § 2255 and *Strickland*. For this reason, the Court is not required to complete the *Strickland* analysis for the purpose of determining whether Petitioner's counsel was ineffective, because Petitioner entered into the Plea Agreement knowingly and voluntarily. *Ray,* 2015 WL 7451194, at *4. As such, Petitioner has failed to adequately support his claims of ineffective assistance of counsel in such a way as to invalidate the waiver of appeal and post-conviction rights in his Plea Agreement. *See, e.g., United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (affirming district court's dismissal of § 2255 motion based on allegations that were "fatally conclusory and without merit").

**B.   Failure to Investigate and Failure to Move to Dismiss**

Petitioner also asserts that his attorney rendered ineffective assistance of counsel by allegedly failing to (1)

13

investigate or obtain discovery regarding the underlying tax returns used to calculate the intended loss amount, and (2) move to dismiss Count Thirteen of the indictment.

The *Strickland* standard applies to these claims brought by Petitioner. However, the record does not support a finding that Petitioner's counsel's representation was unreasonable or deficient. In fact, Petitioner acknowledged at his rearraignment hearing that he was satisfied with the services he received from his attorney. (R. Doc. 91 at 5-6.) "Because of the difficulties inherent in making the [*Strickland*] evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Here, both of the counsel's alleged "failures" are strategies employed by counsel. Further, neither of the actions, or lack thereof, that Petitioner alleges can be considered unreasonable. *See Strickland*, 466 U.S. at 688. Plaintiff alleges that counsel did not investigate or obtain discovery regarding the tax returns used for the intended loss amount. However, counsel did in fact ask for all 400 tax returns, but the Government did not provide them. (R. Doc. 90 at 9.) This issue was fully explored at Petitioner's sentencing hearing, with Petitioner present. *Id.* However, at the sentencing

14

hearing, this Court properly denied the objection because the intended loss amount was stipulated and agreed to by Petitioner in the Factual Basis, which, as stated above, Petitioner knowingly and voluntarily signed himself. *Id.* at 12; *see also Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (holding that failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness). Further, Petitioner's counsel filed a sentencing memorandum with an objection arguing that the loss amount of $2,242,121 in the Factual Basis was incorrect, and the number should be significantly lower. (R. Doc. 93 at 8.) Petitioner's representation was not deficient nor ineffective.

Additionally, Petitioner alleges that his counsel was ineffective because counsel failed to move to dismiss Count Thirteen. Petitioner alleges that his false statements at the grand jury proceeding were the result of a "perjury trap." Petitioner contends, without any supporting evidence, that he was "intentionally confused . . . before the grand jury for the purpose of obtaining false testimony to be used in a perjury indictment." *Id.* at 9. However, Petitioner admitted that he lied in front of the grand jury in the signed Plea Agreement, Factual Basis, at the sentencing hearing, and at the rearraignment hearing. (R. Docs. 50, 51, 90, 91.) The Factual Basis, which Petitioner read, discussed with his attorney, and voluntarily signed, established

15

that he did in fact make false, material declarations to a federal grand jury. [1] (R. Doc. 51 at 6-7.) At the sentencing hearing, Petitioner explicitly admitted that he lied to the grand jury. (R. Doc. 90 at 10-11.) Finally, as explained above, Petitioner admitted and acknowledged under oath at the rearraignment hearing that all of the facts set forth in the Factual Basis, including the fact that he made false statements to the grand jury, were true. (R. Doc. 91 at 18.) Thus, Petitioner's "perjury-trap" argument is meritless because he agreed and admitted on at least three separate occasions that he did in fact lie to the grand jury. Ultimately, there is no evidence before the Court that defense counsel's representation in any way fell below the reasonable standard under the first prong of *Strickland*.

Further, even if Petitioner had established that his counsel's representation was deficient, Petitioner failed to satisfy the prejudice showing required by *Strickland*. Petitioner failed to present any evidence that if counsel moved to dismiss Count Thirteen of the indictment or to investigate the tax returns

---

[1] Specifically, Petitioner agreed in the Factual Basis that when he was asked whether he filed or prepared any federal tax returns for the year 2012 for anyone other than himself he lied that he had only filed his own taxes for that year. (R. Doc. 51 at 6.) Further, Petitioner was asked whether he knew J.C., and whether he prepared or filed tax returns for J.C. for tax year 2012. *Id*. Petitioner again agreed that he lied by responding that he did not know J.C. and did not prepare J.C.'s tax returns for the year 2012. *Id*. Petitioner also agreed that on or about February 14, 2013, after preparing J.C.'s federal tax return that he attempted to file a false, fraudulent federal tax return for J.C. that "grossly overstated" the amount of federal income tax withheld and created fictitious business loss for J.C. during tax year 2012.

16

further, those actions would have led to a different outcome. Accordingly, Petitioner's failure to investigate and failure to move to dismiss claims are without merit and dismissed.

## II. Sentencing Guideline Calculation

Finally, Petitioner contends that he is entitled to post-conviction relief because the Court incorrectly calculated the sentencing guideline range. (R. Doc. 93 at 6.) This claim fails because it is was already brought on direct appeal, and, furthermore, is not cognizable under section 2255. Foremost, because this claim is the same as that which was presented on direct appeal, it is not cognizable pursuant to the well-settled rule that "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986), *cert. denied*, 476 U.S. 1118 (1986). Further, this claim is not properly before the Court because "[r]egardless of whether there was a misapplication of the sentencing guidelines, '[a] district court's . . . application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.'" *Dorsey v. U.S.*, 2015 WL 5823270, at *3 (E.D. La. Oct. 6, 2015) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). "A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under

17

section 2255." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Accordingly, in light of the denial of Petitioner's claims on direct appeal, his claims relative to the Court's methodology in applying the Sentencing Guidelines are denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody* **(R. Doc. 93)** is **DENIED**.

New Orleans, Louisiana this 9th day of December, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE