UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS                                           NO.: 13-155

JOHN LABEE                                       SECTION: "J"(2)

**ORDER**

Before the Court are two motions filed by Petitioner John Labee. **(Rec. Docs. 98, 99.)** First is Petitioner's *Motion for Newly Discovered Evidence* (Rec. Doc. 98). Second is Petitioner's *Motion to Dismiss Indictment or Information* (Rec. Doc. 99).

Petitioner's *Motion for Newly Discovered Evidence* merely states that he has filed a motion for new trial based on newly discovered evidence that proves his innocence. Petitioner argues that this evidence is "truly newly discovered and would, if presented at a new trial, likely change the outcome of the case." Petitioner has included Internal Revenue Service "Account Transcripts" which he asserts proves his innocence. However, Petitioner provides no argument as to why or how these documents prove his innocence. Further, as noted in this Court's Order & Reasons denying Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255* (Rec. Doc. 96), Petitioner pleaded guilty in this case, signed the Plea Agreement and Factual Basis after he had read and discussed their terms with

his attorney, and admitted and acknowledged that the facts set forth in the factual basis were true. *Id.* at 2-3. In the Factual Basis, Petitioner agreed that he, among other illegal acts, engaged and assisted in preparing false and fraudulent financial income tax returns, aided and assisted in the preparation and presentation of false federal tax returns, knowingly and willfully made and subscribed false tax returns, and made false material declarations before a grand jury. *Id.* at 2-7. Further, the Court extensively questioned Petitioner about his role in creating and filing false tax returns and his untruthfulness at the grand jury proceeding. (Rec. Docs. 90, 91.) Petitioner admitted that he created and filed fraudulent tax returns and lied at the grand jury proceeding. Accordingly, Petitioner's *Motion for Newly Discovered Evidence* is **DENIED.**

Petitioner's *Motion to Dismiss Indictment or Information* argues that the indictment was insufficient as a matter of law because it failed to set forth facts sufficient to constitute an offense for Aiding or Assisting the Preparation of False Documents and for making False Declarations before a Grand Jury or Court. (Rec. Doc. 99, at 1-2.) Petitioner asks the Court to inspect the grand jury minutes and to dismiss the indictment on the grounds that the evidence before the grand jury was not legally sufficient to establish the offenses charged within the indictment or any lesser offenses. *Id.* at 10. Further, Petitioner moves to dismiss

2

the indictment arguing that the grand jury proceeding was defective, because "the prosecutor failed to instruct the grand jury" and that this constitutes a denial of due process rendering the grand jury proceeding defective. *Id.* Petitioner also contends that the integrity of the grand jury proceeding was impaired because the prosecutor failed to instruct the grand jury as to every element of each offense alleged within the indictment in a balanced and impartial manner. *Id.* Moreover, Petitioner argues that the prosecution failed to present testimony of witnesses who would have provided exculpatory information, and he requests that the Court release the transcript of the grand jury minutes. *Id.* at 10-11. Finally, Petitioner again argues that he did not make false statements at the grand jury proceeding and that the United States' attorneys "lied and mislead the grand jury." *Id.* at 11-12.

    Once again, the Factual Basis in this case states that Petitioner "agreed to plead guilty to Counts 6, 11, and 13, of the Indictment pending against him, charging [Petitioner] with aiding and assisting in the preparation of false documents under the internal revenue laws, . . . making false statements on income tax returns, . . . and making false declarations before the Grand Jury." (Rec. Doc. 51.) Petitioner then stipulated that the Government would have proven beyond a reasonable doubt the facts to support such allegations within the Indictment. *Id.* at 1. Moreover, during Petitioner's rearraignment, the Court explained

3

to Petitioner each count of the Indictment to which he was pleading guilty, asked whether he understood what he was charged with, explained the maximum penalties, and found that Petitioner's guilty plea was knowledgeable, voluntary, and had a basis in fact that contained all of the elements of crimes charged. (Rec. Doc. 91.) Additionally, Petitioner has presented no evidence that the United States' attorneys lied or made any misrepresentation during the grand jury proceeding.

Petitioner spends numerous pages attempting to explain how he did not testify falsely to the grand jury and that the Indictment was "fatally vague." (Rec. Doc. 100.) Nevertheless, to the extent that Petitioner argues that there was not a sufficient factual basis for his plea, Petitioner has waived his challenge to the sufficiency of the evidence by pleading guilty. *See United States v. White*, 54 F. App'x 407 (5th Cir. 2002) (citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)). Further, Petitioner agreed through the Plea Agreement and Factual Basis that extensive documentary and eyewitness testimony would have proven that he engaged in the preparation and filing of false and fraudulent tax returns. Specifically, Petitioner conceded that documentary evidence testimony would have proven that Petitioner prepared and filed approximately 460 federal tax returns which resulted in an intended loss to the United States of approximately $2,242,121.00 of federal tax withholdings. Further, Petitioner agreed that the

4

Government would have proven that Petitioner knowingly and willfully made and subscribed false tax returns, under a declaration of perjury, by, among other things, under-reporting the amount of gross receipts Petitioner received from his tax business, misrepresenting that he was "single" when he was in fact married, and over-reporting the amount of federal income tax that had been withheld. Finally, Petitioner agreed that documentary evidence would prove that Petitioner made false and material declarations at the March 2013 grand jury proceeding. Therefore, there was a sufficient factual basis for Petitioner's guilty plea, and Petitioner's *Motion to Dismiss Indictment or Information* (Rec. Doc. 99) is **DENIED**.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion for Newly Discovered Evidence* **(Rec. Doc. 98)** and *Motion to Dismiss Indictment or Information* **(Rec. Doc. 99)** are **DENIED**.

New Orleans, Louisiana this 7th day of March, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE